UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JOSEPH ALLEN                                                              PETITIONER
REG #27249-045

VS.                           2:19-CV-00107-BSM-JTR

DEWAYNE HENDRIX,
Warden, FCI-Forrest City Low                                              RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. Introduction

Joseph Allen ("Allen") is currently incarcerated at the Federal Correctional Institution–Low in Forrest City, Arkansas. He has filed a *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. *Doc. 1.*

1

On May 16, 2016, Allen pleaded guilty to one count of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and one count of possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c)(1)(A). *See United States v. Joseph Allen*, No. 14-3106-12 (W.D. Mo.); *Doc. 1 at 2*.

In his habeas Petition, Allen alleges that the BOP is violating his constitutional right to due process by unfairly classifying him with a "Public Safety Factor" ("PSF") of "Greatest Severity." He alleges that his PSF classification is based, not on his criminal convictions, but rather, on an unrelated incident in which he "shot someone while protecting his property" and that he was "never charged or convicted of that shooting." *Id. at 2*. Allen claims the unfounded PSF classification makes him ineligible for transfer to a "prison camp" offering higher paying work programs and training for future employment. *Id. at 5*.

On October 3, 2019, Respondent filed a Motion to Dismiss and Response, arguing that: (1) Allen's claim is not cognizable under § 2241; and (2) he has no liberty interest under the Due Process Clause in a particular custody level or place of confinement. *Doc. 5*.

On October 24, 2019, Allen filed a Reply, asserting a new claim that, based on the recent enactment of the First Step Act, his PSF classification will *lengthen* his sentence. *Doc. 7 at 1*.

On November 26, 2019, Respondent filed a sur-Reply, arguing that Allen's new claim is unsupported and premature. *Doc. 9*.

On December 11, 2019, Allen filed a Response in which he contends that, because he has exhausted his administrative remedies, his habeas claims are properly before the Court. *Doc. 10*.

For the reasons explained below, Allen's § 2241 habeas Petition should be dismissed, with prejudice.

## II. Discussion

### A. Allen's Challenge To *Where* He Serves His Sentence Is Not Cognizable Under § 2241

Habeas corpus is the exclusive remedy when a claim "goes directly to the constitutionality of [a prisoner's] physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The Eighth Circuit has held that, if a habeas petitioner is not challenging the validity of his criminal conviction or sentence, or the length of his confinement, a habeas court lacks jurisdiction to grant relief. *Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073-74 (8th Cir. 1996). A civil rights complaint, on the other hand, "is a proper remedy for a . . . prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499.

Allen's claim that his PSF classification prevents him from transferring to a more favorable prison camp is a challenge to his *custody level* and *where* he serves his sentence, *not* the duration or validity of his sentence. Thus, this claim is not cognizable under § 2241.[1]

### B. Allen's Argument That His PSF Classification Will Lengthen His Sentence, Based On The First Step Act, Is Without Merit

In an effort to save his habeas action from dismissal, Allen attempts to raise a new claim in his papers opposing Respondent's Motion to Dismiss. He argues that "the First Step Act has initiated a system in the BOP that awards good time leading to a shorter sentence based on inmate classifications." *Doc. 7 at 1*. Allen claims that the First Step Act allows prisoners to earn good time for completing "programs," but that his "Greatest Severity" PSF classification will prevent him from earning as much good time as he could if it were removed, thereby lengthening his sentence. *Id. at 2*. The First Step Act allows eligible prisoners to earn time credits for

---

[1] *See Vaughan v. Hendrix*, No. 2:19-cv-00046-DPM/JTR, 2019 WL 4411960 (E.D. Ark. Aug. 20, 2019) (Order adopting and supplementing Recommended Disposition and dismissing, for lack of habeas corpus jurisdiction, petitioner's § 2241 Petition challenging the BOP's "Greatest Severity" PSF designation); *Rodebaugh v. Haynes*, No. 2:13-cv-00011-DPM/BD, 2013 WL 1001436 (E.D. Ark. March 13, 2013) (Order adopting Recommended Disposition and dismissing, for lack of habeas corpus jurisdiction, petitioner's § 2241 Petition challenging the BOP's Sex Offender PSF designation); *Butler v. Outlaw*, No. 2:08-cv-00192-JLH/JTR, 2010 WL 1417910 (E.D. Ark. April 6, 2010) (Order adopting Recommended Disposition concluding petitioner's due process challenge to his Sex Offender PSF failed to state a cognizable § 2241 claim, especially since the only adverse consequences alleged were inability to participate in certain programs and ineligibility for transfer to a camp facility).

4

successfully completing "evidence-based recidivism reduction programming."[2] Allen's argument fails for three reasons.

First, Allen's argument is so vague and conclusory, that it is not understandable. While asserting his PSF classification directly affects the amount of good time he can receive for participating in "programs" under the First Step Act, Allen provides no law or facts to support his claim that he would qualify for the First Step Act, but for his PSF classification. He has also failed to explain how much his sentence has been or will be lengthened by his PSF classification.

Second, Allen's argument is premature. While it is true that the First Step Act initiated a system that allows *eligible prisoners* to earn time credits for successfully completing "evidence-based recidivism reduction programming[,]" these programs did not go into effect immediately. 18 U.S.C. § 3632(d)(4). The Attorney General was allowed 210 days after the First Step Act was enacted, on December 21, 2018, to develop and publish the Risk and Needs Assessment System, which the BOP must use as a guide to implement the programs. 18 U.S.C. § 3632(a). The Attorney General published the Risk and Needs Assessment System on July 19, 2019.[3] The

---

[2] The earned "time credits" available to eligible prisoners under the First Step Act "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C.A. § 3632(d)(4)(C).

[3] *The First Step Act of 2018: Risk and Needs Assessment System*, accessible online at https://nij.ojp.gov/sites/g/files/xyckuh171/files/media/document/the-first-step-act-of-2018-risk-and-needs-assessment-system_1.pdf

BOP has 180 days, or until January 15, 2020, to implement the system, complete inmate risk assessments, and then begin to assign prisoners to appropriate evidence-based recidivism reduction programs. 18 U.S.C. § 3621(h).[4]

Thus, any claim the BOP has somehow used Allen's PSF classification to lengthen his sentence based on the First Step Act will not ripen until the BOP has completed implementation of the system, no sooner than January 15, 2020. At that point, Allen would have to present the claim to the BOP and properly exhaust his administrative remedies before bringing a habeas action in federal court.[5]

Finally, Allen's argument fails for a more fundamental reason. Under the First Step Act, "A prisoner is ineligible to receive time credits [for completing evidence-based recidivism reduction programs] . . . if the prisoner is serving a sentence for a conviction under . . . Section 924(c), relating to unlawful possession

---

[4] Allen's allegation that "the BOP was ordered to already have the program running . . . [and] the BOP is missing deadlines" is wholly unsupported. *Doc. 10*.

[5] "A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam). Administrative exhaustion "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal citations omitted).
   Allen claims he need not present his new argument that his PSF classification lengthens his sentence based on the First Step Act because it is "closely related to his initial argument in which he did exhaust his administrative remedies." *Doc. 10*. The Court disagrees. Although Allen exhausted a previous claim that his PSF classification was unfounded, he did not challenge the BOP's computation and execution of his sentence based on the First Step Act. Thus, he has not yet afforded the BOP an opportunity to address that issue on the merits.

6

or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii).

Allen pleaded guilty to an offense under 18 U.S.C. § 924(c). Thus, Allen is *ineligible* to earn *any* time credits for completing evidence-based recidivism reduction programs as a result of his conviction, *not his allegedly unfounded PSF classification*.

Accordingly, the Court concludes Allen's claim that his PSF classification will lengthen his sentence, based on provisions of the First Step Act, fails as a matter of law.[6]

### C. Allen's Challenge To His PSF Classification Does Not State A Potentially Viable *Bivens* Claim

Finally, because Allen's challenge to his PSF classification does not constitute a "potentially viable" due process claim, it would be futile to offer Allen the

---

[6] It is not even clear at this point whether the First Step Act's earned time credit system will be interpreted to implicate a constitutionally protected liberty interest for those prisoners eligible to receive the time credits. If history is any kind of teacher, it will not. Numerous courts have previously rejected similar habeas claims by federal prisoners claiming that participation in, or completion of, drug treatment programs which allow for early release creates a cognizable liberty interest. *Wilks v. Mundt*, 25 F. App'x 492 (8th Cir. 2002) (unpublished) (petitioner did not have a liberty interest in a classification that prevented him from completing a drug-treatment program, which would make him eligible for, but not guarantee, an earlier release). *See also, e.g., Delgadillo v. Outlaw*, 2013 WL 1246857 (E.D. Ark. Mar. 27, 2013) (unpublished) ("[Petitioner] does not have a liberty interest in receiving a sentence reduction, or any incentive, for RDAP completion") (citing cases); *Bennett v. Outlaw*, 2009 WL 3808528 (E.D. Ark. Nov. 13, 2009) (unpublished) ("Petitioner does not have a liberty interest in his participation in the RDAP or in the good time he may have earned upon successful completion of the program.").

opportunity to convert this case into a *Bivens* action.[7] *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S. Ct. 274 (1976) (Generally, prisoners have no constitutionally protected liberty interest in their placement and classification while incarcerated); *Housley v. Erwin*, 325 F. App'x 474, 476 (8th Cir. 2009) (unpublished) (citing *Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990) (no protected liberty interest in particular prison classification status)); *Dusch v. Rivera*, No. 2:15-cv-00079-KGB, 2016 WL 1698294, at *2 (E.D. Ark. Apr. 27, 2016) (no protected liberty interest in a particular classification within the BOP or in being confined in a particular institution) (citations omitted).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Allen's § 2241 habeas Petition be dismissed, with prejudice.

DATED this 13th day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[7] *See Spencer*, 774 F.3d at 469-470 (when a habeas petition asserts conditions of confinement claims that are not cognizable in habeas, before dismissing the petition, the court should consider whether a petitioner raises a "potentially viable" constitutional claim and, if so, offer petitioner the opportunity to recharacterize the claim and to convert the action into a civil rights action); *see also Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (recognizing the right to recover damages for constitutional violations by federal agents, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials).